Luis Felipe Casas Castrillon
A# 92-925-346
El Centro Detención Center
1115 N. Imperial Ave.
El Centro, CA 92243

FILED

2007 NOV 29. PM 3: 13

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

Luis Felipe Casas Castrillon,

   Plaintiff.

Vs.

El Centro Detention Center, AKAL Security, C. Howard Assistant Warden at CCA, Clover Assistant Warden at CCA, Joe Easterling Warden at CCA, Anthony J. Cerone INS Custodian at CCA and Division of Immigration health services (DIHS) Timothy Shack, et al.,

   Defendants.

Case No. '07CV 2258 IEG LSP

## COMPLAINT

### JURISDICTION

1. This action arises under <u>*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*</u> *403 U.S. 388 (1971).*

2. Jurisdiction is conferred on this court by 28 U.S.C. § 1331.

3. The Court has personal jurisdiction over the defendant because the alleged incidents occurred within the confines of this Court. Plaintiff, Luis Felipe Casas Castrillon was housed at San Diego Contract Detention Facility (CCA), sub contract with the Department of Homeland Security (DHS) and now he is in custody at El Centro Detention Center. Plaintiff is in custody for over six years for ICE.

## VENUE

4. Venue is proper in the United States District Court, Southern District of California Pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff Luis Felipe Casas Castrillon is a citizen of Colombia. Plaintiff is currently detained at El Centro Detention Center with the Department of Homeland Security (DHS) within the confines of this court.

6. Defendants Mrs. Shubert and Mr. Mann (AKAL supervisors), AKAL officers Mr. Flores A, Mr. Marquez, Mr. Luna C, Mr. Alvarez I, Tanory A, Mr. Hernandez, Mr. Tanory F, Mrs., Romero L, Mrs., Lopez D, Mr. Ramirez, Mrs. Villanueva, Mr. Macias A, Mr. Lopez # 138, Mr. Martinez J, INS captain Mr. Deleon, ICE supervisor Martinez, ICE officer Moore, Defendants should be considered an agent / employee of the (DHS) because they are acting under Federal guidelines or at the instruction of Federal Officials.

7. Defendants Dennis R. James, Jack Weil, Jack Staton and District Attorneys. Defendants should be considered an agent / employee of the (DHS) because they are acting under Federal guidelines or at the instruction of Federal Officials.

8. Defendants INS Detention Center officers or ICE, AKAL security officers, Immigration Judges, District Attorneys, CCA medical Dr. Luche and el Centro Medical Center are Dr. Paul Wetherrill, Dr. Demske and Dr. Been Defendants should be considered an agent / employee of

the (DHS) because they are acting under Federal guidelines or at the instruction of Federal Officials.

**9.** Defendant Clover (Assistant Warden) at (CCA) San Diego sub-contract with DHS. Defendant should be considered an agent / employee of the (DHS) because he is acting under Federal guidelines or at the instruction of Federal Officials.

**10**. Defendant Howard (Assistant Warden) at (CCA) San Diego sub-contract with DHS. Defendant should be considered an agent / employee of the (DHS) because he is acting under Federal guidelines or at the instruction of Federal Officials.

**11**. Defendant Joe Easterling (Warden) at (CCA) San Diego sub-contract with DHS. Defendant should be considered an agent / employee of the (DHS) because he is acting under Federal guidelines or at the instruction of Federal Officials.

**12.** Defendant Anthony J. Cerone (INS Custodian) at CCA San Diego sub-contract with DHS. Defendant should be considered an agent / employee of the (DHS) because he is acting under Federal guidelines or at the instruction of Federal Officials.

## FACTS

**13.** I am the Respondent in the instant matter.

14. I am a national and citizen of Colombia.

**15**. I started my custody in Immigration from August 07, 2001 until now at El Centro Detention Center.

**16.** I was deprived of due of the process of law and effective assistance of counsel during substantial and critical portions of his immigration proceedings and appeals when he was represented by a layperson posing as attorney; Immediately after the BIA's confirmation of the immigration judge's decision, plaintiff contacted a Mr. David Goldstein (a.k.a.; Harold

3

Goldstein) an imposter attorney who had been soliciting business at the El Centro, California Detention Center in person and by mailing letters to detainees without counsel or with counsel. El Centro, California Detention Center did **Gross Negligence** with plaintiff because INS Detention Center officers, AKAL officers and Immigration Judges suppose to check any identification from any Attorney. I hired Mr. Goldstein when I was in custody at the El Centro Detention Center. <u>See</u> Appendix I attached hereto (Law Offices of David Goldstein Letter and Reports from Imperial Valley Press). I signed the form G-28 in Control visit Detention Center, before this my family paid to Mr. Goldstein one payment; $3000 for starting my case in District Court and after that one more payment of $2000 dollars for the request on a bond.

Mr. Goldstein advised plaintiff regarding post final-order of removal remedies such as: Habeas proceedings, appellate court review and bond. Plaintiff's Family retained Mr. Goldstein to represent him in Federal Court Proceedings.

Mr. Goldstein provided ineffective assistance of counsel to petitioner by (1) not filing review in Ninth Circuit Court Appeals, challenging the convictions are not a crimes Involving moral turpitude; (2) seeking cancellation of removal 240 (A) or 212(c) of the act, and (3) pretending to be a trained and licensed Attorney.

Mr. Goldstein filed the petition herein seeking habeas relief, bond pending the final determination of the habeas proceedings and application for stay removal. <u>See</u> Appendix II attached hereto (U.S. District Court Civil Docket and Irma E. Gonzales District Court Judge Decision).

17. Plaintiff has no access to counsel or legal materials in the El Centro Detention Center and San Diego, CCA; plaintiff is a layman. His family raised money and retained Mr. Goldstein, who happened to be imposter-attorney to represent plaintiff in Federal Courts. The family has no more funds to retain any other counsel at this time. Plaintiff is now depending on other detainees at El Centro Detention Facility to assist him in his proceedings.

The Law Library at the El Centro Facility and San Diego CCA does not contain current Criminal Court and Immigration case laws, self-help materials, annotated statutes and court rules, etc. Law library must be adequate. <u>Bounds v. Smith</u>, 430 U.S. 817, 822 (1977). In <u>Bounds</u>, the court declared, in a post conviction context, that prisoners have a right of "adequate, effective, and meaningful" access to the court. (Id. At 822). "An incarcerated defendant may not meaningfully

exercise this right to represent himself without access to law books, witnesses or other tools to prepared a defense". <u>Milton v. Morris</u>, 767 F. 2d. 1443, 1445 (9th Cir. 1985). Therefore, plaintiff is impeded from presenting his case with proper arguments.

18. January and February 2004, I was in SMU (Segregation Management Unit) or the Hole two times, for no reason. No charges were filed. <u>See</u> Respondent File El Centro Processing Center.

19. February 2004, I was coming from yard and going inside my barrack Bravo East, to my bunk. I found out personal property were missing. They continue violating my personal stuff many times and finally I asked the AKAL officer in charge, Mr. Nieblas. "Why is some of my stuff always coming up missing"? Mr. Nieblas said he did not know, I should ask his supervisor. Then I walked to AKAL supervisor Mrs. Shubert's office. AKAL officers Mr. Flores A., Mr. Marquez, Mr. Luna C. and five more officers, twisted my arms and put me down with handcuffs because I told them I needed to speak to your supervisor about my property. AKAL officers put me in processing; Later INS officer sent me back to Bravo East barrack again. Later that night when I was taking a shower I felt a lot pain in my arms, so I talked to AKAL officer between 7:15 PM to 8:00 PM. I asked him to call INS supervisor because I had a lot of pain in my arms. INS supervisor said to AKAL officer to send me to his office. So I went to Mr. Gomez office, he asks me "did you go to medical after the incident?" I said no. Mr. Gomez said go right now to medical, I went to medical, the nurse gave me Ibuprofen; I've have the pain for months up till now. After this incident AKAL officer Mr. Nieblas was suspended for two weeks.

20. I sent a letter to INS Captain Mr. Deleon about the incident with the AKAL officers. Mr. Deleon did not respond.

21. After this complaint to INS, February 26, 2004, I got transferred to San Diego CCA.

22. When I was in San Diego CCA, they put three detainees per cell over eight-months period the also served bad food. Plaintiff now suffers from mental, psychiatric, discomfort, stress, tension, trauma, exposure to Respiratory and other infections until now.

23. February 2005, San Diego CCA I had an accident with my right knee. *See* Appendix III attached hereto (Grievance Form Number M05-097. Signed for Dr. Luche). I was in crutches over four months. I was in medical many times and I went to outside hospital to have for right knee x-rayed. After the diagnosis Dr. Luche told me, I have problems with my tendons. Dr. Luche gave me Tramadol 50 Mg but San Diego CCA medical refuse to refill, I have a lot pain continuously on my knee until now.

24. September 2005, I was reclassified again. They change my level three to level two. In San Diego CCA facility, DN.

25. December 2005, I sent request to San Diego ICE in CCA to transfer me to El Centro, California. I got transferred a January 05, 2006.

26. 2006, El Centro medical center Dr. Paul Wetherill and Dr. Demske many times, I heared and felt discriminated and racist remarks from them.

27. 2006, *See* Medical File El Centro Detention Center I was very sick with stones in my kidney it was very painful around 6: 30 AM to 7:00 AM, first watch, officer in charge in Lima barrack, Mr. Algen called AKAL supervisor Mr. Mann in he did not believe me I was put in holding area close to Kilo barrack around 20 minutes. Later he said they were going to call me later to Medical El Centro, California.

28. I was with pain the same day and all day. Around 5:45 PM. The pain was insupportable and I told the AKAL officer I need medical assistance. AKAL officer Mrs. Alderete escorts me to medical. I was in medical 6:00 PM to 7:00 AM at approximate. Dr. Been sent me back next day in the morning to Lima barrack. They gave some medication for the pain and to sleep all night in Medical, El Centro, California.

29. After that I was with pain for days and the stone came out from my urine few days later. I sent a grievance form to complaint on medical. After this Dr. Duchesne called me to medical. Dr. Duchesne told me, he was going to talk with medical staff about my situation. Dr. Duchesne

signed the grievance form. After all this I got fired from kitchen program worker because I was out two days. Cook. Mr. Jessie fired me. I have the stone as evidence.

30. November 2006, I got into an incident with another detainee. They put me in SMU. They charged me for fighting, I was threatened and defended myself. I spent 9 days in SMU. I was in the panel hearing for this incident and they treated me like dangerous criminal. I heared and felt discrimated and racist remarks. They are two officers from AKAL security; Mr. Alvarez I., Tanory A. and ICE officer Mr. Moore; after verdict: they told me you are guilty. Your levels change from level two to level three and you going to San Diego, CCA. They didn't press charges later, because I put grievance form to ICE. I gave the grievance form to ICE supervisor Mr. Gonzales V. ICE charged me late and ICE release me from SMU same day to Alpha South barrack.

31. I complaint about AKAL officer Mr. Hernandez to his Supervisor Mr. Espino about his rudeness, unprofessional and attitude with me in the law library, supervisor told me; he would speak to him.

32. February 2007, Law Library, AKAL officers, Mr. Tanory F. and Mr. Hernandez. They always threat me and abuse their power over me in law library in El Centro, California.

33. Once in the law library AKAL officer Mr. Tanory F. told me sign in over here, when I was using the computer already doing my legal work, I asked why. When I am not suppose to sign in because I was extra-time in the law library but I signed. Then a detainee from Jamaica comes few minutes later, AKAL officer Mr. Tanory F. did not ask him to sign. AKAL officer Mr. Tanory F. asked Jamaica detainee give his name, A# and bed #. When detainee was using in the computer. So why did you do that to me, why didn't you say the same to him? He answered me because he put his name wrong. I told AKAL officer Mr. Tanory F. that's not right. I felt that their scolding severely inflicted mental and emotional harm.

34. After that AKAL officer Mr. Hernandez came to me. Told me not to take it personal when Mr. Tanory F. said that.

7

35. About AKAL officer Mr. Hernandez. He many times puts me down in front of detainees.

36. ICE supervisor Mr. Martinez come to see what I have all the time, it causes plaintiff mental suffering and he harasses respondent about property or personal stuff all the time.

37. December 2006 to January 2007, when I went to medical AKAL officers Mrs. Romero. L and Mrs. Lopez D. many times made harassments, and discriminated me, thus resulting to more traumas at Medical El Centro, California.

38. December 2006, I got fungus in my legs and infection in the right leg. I went to Dr. Been in medical for sick call; she said you would be all right. Use these medications and the pain is going to disappear but the fungus and infection never disappear. I ask for more medication they say every body has that. In Medical, El Centro, California

39. AKAL officers Mr. Ramirez, Mrs. Villanueva and Captain Mrs. Shubert many times harass me when I'm sleeping at night or in the morning. I am waiting for them; they traumatized me, I ask for extra medication to sleep, from my psychiatrist. They continuously are doing the same with me. Mostly Captain Mrs. Shubert and AKAL officers never respect when I am sleeping approximate 1:00 AM to 4:00 AM. They're doing this to me on purpose.

40. March 17, 2007, AKAL officer Mr. Mendoza J. was in Platform Detention Center this day. Many times when coming from the yard or inside the barracks before and until now. I felt emotional harm and mental suffering from this AKAL officer.

41. March 18, 2007, AKAL Captain Mrs. Shubert and AKAL officer Ayala J. again doing the same with me in the morning approximates 4:00 AM, they woke me up.

42. March 19, 2007, AKAL officer Macias A. woke me up this is first time and second time AKAL officer Mrs. Villanueva send to another AKAL officer approximate one hour later to harass me again to my bunk; I was awake already so I saw them when they were coming through to my bunk. Next bunk#14, Mr. Tomas L. Herrera, A# 31-084-457 a detainee was woken up too

and observed when AKAL officers were between our bunks and I told him now you believe me, he said yes.

43. March 24, 2007, AKAL Captain Mrs. Shubert continuously doing the same with me in the morning time on purpose.

44. March 25, 2007, another harassment; AKAL officer in charge Mr. Elgen R. Alpha South, Between 3:30 AM to 3:45 AM, different AKAL officer woke me up by making noises, Then approximately 5 minutes later ICE supervisor Mr. Martinez came to my bunk directly and I heard him writing something for about a minute close to my bunk, After this he went around inside the barrack and finally left. Approximately Three or five minutes later AKAL Captain Mrs. Shubert comes to my bunk directly, she saw me I was not sleeping. After this I cannot sleep again. They are doing this on purpose again to torment and traumatize me too.

45. AKAL officers and AKAL captain continuously until now doing harasses it causes to the plaintiff mental suffering and emotional harm.

46. April 2, 2007, about 3:10 AM, AKAL officers woke me up by making noises, then approximately 5 minutes later ICE supervisor Mr. Martinez and AKAL supervisor Mr. Tapia came to my bunk directly and then finally left. again plaintiff mental suffering and emotional harm. After all this two more ICE officers came to alpha south like 20 minutes later, one ICE lady officer pass close to my bunk but I was awake up already, after this I cannot sleep again.

47. April 06, 2007, Approximate 3:15 AM to 3:40 AM, AKAL officer Lopez #138 woke me up for no reason, trying to take out the towel from right side, then ask him why you doing this? He responds me because some body calls me to take out each towel. Plaintiff tell to AKAL officer call your supervisor because that's wrong, supervisor never came to me after this I cannot sleep again, approximate one hour later AKAL captain Shubert and AKAL officer Lopez #138 approximate 4:30 AM were between my bunk; before all this I put my towel back for the light. The towels for light permitted 10:00 PM to 6:00 AM from ICE.

48. April 24, 2007, approximate 8:08 AM. I tell to AKAL officer Mrs. Martinez alpha south in charge, I need to go to law library then she calls to law library after she call she told me AKAL officer Mr. Martinez J. said law library is full. After all this 9:30 AM, I tried to go again to law library Mrs. Martinez call again to law library, Mr. Martinez responded send extra-time law library. When I was there I ask to AKAL Officer Meza. How many people were here this morning? He Answer me 15 people why Mr. Martinez J. lied this morning And refuse to send me to law library this day.

49. April 27, 2007, approximate 11:40 AM AKAL officer Lopez #138 harass and provoke me when I was waiting for lunch time, I complain to AKAL captain Legler told me nobody is perfect.

50. Tomas Herrera A# 31-084-457 witnessed the harassment and Provoking jester of AKAL officer Lopez, Tomas Herrera comment to AKAL officer Lopez does you always harass detainee Casas, AKAL officer Lopez said that's what a lot people said I don't care.

51. May 7 and May 9, 2007. AKAL officer Martinez J. denied me to go to law library for extra-time.

52. June 08, 2007. ICE charged me with offences category 201-299 from the handbook, after this I was in panel hearing. No charges.

53. June 11, 2007. I got transfer el Centro Detention center to San Diego CCA, after this CCA put me in segregation for four days; cold food and no Shower. See. CCA inmate/detainee disciplinary report. See. Appendix IV.

54. August 07, 2007. San Diego CCA transfer plaintiff to El Centro Detention Center.

55. August and September 24, 2007. Incidents with AKAL officer Mrs. Romero L. in law library. See. Notice Charges (Plaintiff was in the panel hearing without charges) and Grievance. See Appendix V.

56. As result of these unconstitutional actions by defendants, plaintiff has suffered:

    (1)    Plaintiff was denied his rights to freedom of speech.

    (2)    Plaintiff is suffering from serious mental stress, Psychiatric, discomfort, stress, tension, trauma, discrimination, racist remarks, harassments, emotional harm, infections until now and ineffective assistant of counsel in his immigration case.

    (3)    Plaintiff was denied his Constitutional Rights for due process.

    (4)    Plaintiff's case was denied by the Ninth Circuit Court because his "ineffective assistant of counsel". Denied on April 19, 2004, in <u>Casas-Castrillon v. Gonzales,</u> case No. 03-73037(9th Cir.), Cert. Denied, 544 U.S. 910 (2005).

    (5)    Federal Civil Rights 42 U.S.C. 1983.

## CAUSES OF ACTION

### First Amendment
### Freedom of Speech

"Congress shall make no law respecting an establishment of religion, Or prohibiting the free exercise therefore; or abridging the freedom of Speech." U.S Const- Amend. I.

### Fifth Amendment
### Due Process / Equal Protection Clause

" No person shall ... be deprived of life, liberty, or property, without Due process of law."
U.S. Const. Fifth Amendment.

### Eight Amendment

"Deliberate indifference and maliciously And sadistifically for the very purpose of causing harm"

### Fourteenth Amendment

<u>Wolf V. McDonnell</u> (1974) 418 U.S. 539 [94 S. Ct. 2963; 41 L. Ed. 2d 935]; <u>Superintendent v. Hill</u> (1985) 472 U .S. 445 [105 S. Ct. 276; 86 L. Ed 356; <u>Zimmerlee v. Keeney</u> (9th Cir. 1987) 831 F. 2d 183.

57. The Supreme Court has recognized a ***Bivens*** cause of action arising from the Fifth Amendment's due process clause. *See **Davis v. Passman**,* 442 U.S. 228 (1979). *See also **Parratt v. Taylor**,* 451 U.S. 527, 543-44 (1981).

## PRAYER

58. Wherefore plaintiff demands judgment against defendant(s), in the sum of $60,000,000,00 Sixty Million dollars and costs.

## JURY DEMAND

59. Pursuant to Federal rule of Civil Procedure 38(b), Plaintiff Luis Felipe Casas Castrillon hereby demands a trial by jury as to all issues so triable.

November 26, 2007

Respectfully Submitted,

_____
Luis Felipe Casas Castrillon
A# 92-925-346
El Centro Detention Center
1115 N. Imperial Ave.
El Centro, CA  92243

Luis Felipe Casas Castrillon
A# 92-925-346
El Centro Detention Center
1115 N. Imperial Ave.
El Centro, CA 92243
Pro Se

UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

" COMPLAINTS AND FEDERAL CIVIL RIGHTS SUIT, et al. "

## CERTIFICATE OF SERVICE

I, Luis Felipe Casas Castrillon, hereby declare under penalty of perjury that the foregoing is true and correct; I further certify that I am the above-entitled Plaintiff to the above matter and that on, November 26, 2007, I served a true copy of the above mentioned complaints upon the following person(s)[1]:

United States District Court
Southern District of California
880 Front Street
San Diego, CA 92101-8900

U.S. Department of justice
United States Attorney General
10 Th and Constitutional Ave. N.W.
Washington, DC 20530

Karen. P. Hewitt,
United States District Attorney
Southern District of California
880 Front Street
San Diego, CA  92101-8893

Luis Felipe Casas Castrillon
A# 92-925-346

---

[1] This Pro-Se filing is deemed filed upon delivery to prison authorities. See Fed. R. App. 25 (a)(c). Houston v. Lack, 487 U.S. 266, 101 L. Ed. 245, 108, S. Ct. 2379 at 274, 275 (1988).

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Luis Felipe Casas Castrillon

**DEFENDANTS**

El Centro Detention Center, et al

FILED
2007 NOV 29 PM 3:13
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Luis Felipe Casas Castrillon
1115 North Imperial Avenue
El Centro, CA 92243
A# 92-925-346

**ATTORNEYS (IF KNOWN)**

'07CV 2258 IEG    LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)** (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 USC 1331

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appelate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE    Docket Number

DATE    November 29, 2007    SIGNATURE OF ATTORNEY OF RECORD