# Appendix I

# Law Offices of David Goldstein
### 3345 Newport Blvd., Suite 207
### Newport Beach, CA 92663
#### Phone: (949) 675-2540    Fax: (949) 675-2597

---

To All Our Clients;

Thank you all, for making us one of the fastest growing, well respected criminal and immigration law practices in southern California. Because of our growth, we have hired new personnel, new lawyers, new research assistants and new paralegals (both English and Spanish speaking), to better server you. We are relocating to a bigger office.

We have changed our number from (626) 229-0303 to **(949) 675-2540.**

Those persons being detained in prisons, jails or other detention facilities should call our NEW TELEPHONE number between 5pm-7pm. During that time you will be able to speak directly to a lawyer.

If you are calling in regards to payment, court dates or your families have inquires, both English and Spanish assistants will help you and your families between 10am-5pm Monday-Friday. The lawyers will not be available during those hours.

*In regard to Immigration cases:*

In 1996, Congress enacted new and tough immigration laws, which made it impossible for a non-citizen, with certain serious felonies, including drug offenses, to stay in the United States. These persons must be deported. In addition, aliens who commit crimes, including misdemeanors, will most probably be deported.

These laws make an immigration attorney's job is almost impossible. However, over the last two years, The Supreme Court, as well as most of the federal appeals courts, have made rulings favorable to non-citizens facing deportation.

*In order for you to understand the rulings, a short explanation is required:*

An immigration court is not actually a court as defined in the United States Constitution, nor is an immigration judge actually a judge as defined by the United States Constitution. Why? Because, an immigration judge, is not appointed by the President of the United States. An immigration judge can be hired and fired anytime by the Attorney General of the United States.

Only those courts that have judges appointed by the President and who serve for life are considered constitutional courts. These constitutional courts can overrule an immigration judge or the B.I.A. if the properly filings are made by a person facing deportation. These constitutional courts are: *The U.S. District Courts in San Diego and Los Angeles and The Federal Court in San Francisco.*

THE SOURCE FOR NEWS.

# Imperial Valley Press

GATEWAY TO IMPERIAL COUNTY

50 CENTS

**FRIDAY**
FEBRUARY 14 2003
ivpressonline.com

## No reprieve for detainees in lawyer scam?

By MICHAEL A. SALORIO
Staff Writer

The U.S. Immigration and Naturalization Service appears unwilling to grant any form of reprieve to detainees held in its El Centro service processing center who were represented by an alleged con artist posing as an immigration attorney who was arrested Tuesday in Las Vegas.

Harold D. Goldstein, 58, of Newport Beach was indicted Wednesday by a Santa Ana federal grand jury for allegedly making a false declaration to a court by swearing under oath or penalty of perjury that he was an attorney licensed to practice in California.

Goldstein was being moni-

tored by federal probation officials on supervised release as a result of a January 2000 mail fraud conviction, for which he received a 30-month federal prison sentence completed in March 2002.

Goldstein's documented con games include: an early 1970s commodities trading scheme conviction that lost 13,000 investors millions of dollars; a 1976 mail fraud conviction for selling $1 million in fake gold contracts; a

> Harold D. Goldstein recently allegedly conned immigration clients in Los Angeles, San Diego and Imperial counties to be detained by the INS.

1983 bank scheme conviction that bilked $4 million from small businesses seeking loans; and a 1986 fraud conviction that cost clothing manufacturers nearly $1 million.

Goldstein's recent alleged con game involved posing as an immigration attorney and representing clients in Los Angeles, San Diego and Imperial counties being detained by the INS.

Goldstein reportedly

charged clients $3,000 to $5,000 per case and several of his clients were deported.

Because Goldstein was not a licensed attorney, the motions and paperwork he filed on behalf of his "clientele" have been thrown out of court, thus his "clients" face the possibility of deportation after being bilked of thousands of dollars.

INS Public Information Officer Lauren Mack said typically the law allows no provision for granting relief to detainees such as Goldstein's "clients" whose immigration status has been jeopardized because of the fraud committed.

» See LAWYER/A5

# Phony lawyer arrested

## >> TRACKED DOWN:
Harold D. Goldstein was taken into custody in Las Vegas.

By MICHAEL A. SALORIO
Staff Writer

LAS VEGAS — FBI special agents arrested a 58-year-old Newport Beach man here Tuesday morning who allegedly posed as an immigration attorney and represented scores of clients whose fates have become uncertain.

Harold D. Goldstein was indicted Feb. 5 by a federal grand jury in Santa Ana for making a false declaration to a court by swearing under oath or penalty of perjury that he was an attorney licensed to practice in California, states an FBI press release.

An investigation into the suspect's whereabouts was initiated after he failed to turn himself in to federal authorities last week as scheduled. The FBI was able to track Goldstein to Las Vegas based on information developed in the past few days and he was arrested without incident.

The release states: "At the time Goldstein was indicted, he was being monitored by the federal probation office on supervised release, a result of a mail fraud conviction in Jan-

>> See LAWYER/A6

## LAWYER: To be arraigned today

>> From Page 1

uary 2000 where he was sentenced to 30 months in federal prison, a term he completed in March 2002."

Goldstein's documented con games include: an early 1970s conviction involving a commodities trading scheme that lost 13,000 investors millions of dollars; a 1976 mail fraud conviction for selling $1 million in fake gold contracts; a 1983 conviction for a bank scheme that bilked $4 million from small businesses seeking loans; and a 1986 conviction for defrauding clothing manufacturers of nearly $1 million.

Goldstein's recent alleged con game involved posing as an immigration attorney and representing clients in Los Angeles, San Diego and Imperial counties being detained by the U.S. Immigration and Naturalization Service.

Eddie Ehteshami, 39, originally from Iran, who has been detained at the INS El Centro detention center for four months, said he has been able to find 68 detainees in the center who were being represented by Goldstein.

Goldstein reportedly charged clients $3,000 to $5,000 per case and several of his clients were deported. Other of his "clients" now face the possibility of deportation after having been bilked out of thousands of dollars.

The press release states Goldstein will appear before a federal magistrate in Las Vegas today.

>> Staff Writer Michael A. Salorio can be reached at 337-3441 or michaelsalorio@yahoo.com

## Imperial Valley Press
Feburary 12, 2003.

# LAWYER: Detainees in El Centro

» From Page 1

"We have to move forward with the fact that they don't have valid petition requests. ... There is no provision in the law to grant them special privilege unless they are held as witnesses in a criminal case," said Macken.

Andrea Escobar of Brawley said she paid Goldstein $1,280 to represent her husband, Juan Carlos Escobar, a Honduran immigrant she met in March 2002 and married Sept. 25, 2002.

Andrea Escobar said her husband was held at the processing center during the first week of November for being an undocumented immigrant. She said she met Goldstein inside the center's waiting room, where the fake attorney was soliciting clientele.

"On the spot I gave him $500 cash and I got a receipt written on the back of a business card. I even translated for him because he didn't speak any Spanish. I thought I was so lucky that I had found him," said Andrea Escobar.

Goldstein was able to get Juan Carlos Escobar a 120-day visa in which the "attorney" was supposed to file the necessary paperwork to normalize the man's immigration status, but no such paperwork was ever filed. Juan Carlos Escobar now has until March 10 to file the paperwork or leave the country voluntarily.

If the paperwork has not been filed and the man remains in the country, he immediately will be deported and be denied any type of immigration status for the next 10 years.

"I don't think that's fair to us because we've struggled so hard and we didn't know he was a phony attorney. Even INS officials were fooled by him. They should give us an extension to let us make up all that hard work we put in," said Andrea Escobar.

Andrea Escobar, a cocktail waitress with three children to provide for, said there is no more money for her to hire a real attorney or even enough time to find one by the March 10 deadline.

"I just don't know what to do anymore. I don't want him to leave me. It's been so difficult lately," said Andrea Escobar.

Heather Imran of Kelowna, British Columbia, Canada, said her husband, whose name she asked remain unpublished for his safety, has been detained for 11 months pending a political asylum application.

Imran said Islamic extremists in Pakistan target Muslims who have received any Western academic training, especially physicians with specialized medical training.

Imran said her husband was targeted because he was trained as a thoracic surgeon in Scotland. He and a younger brother were reportedly beaten on Aug. 13, 2000, in Pakistan by extremists and fled to the United States a few days later for fear of being killed.

Imran said her husband had legally entered the Unites States and had been living in San Bernardino. Her husband had reportedly exhausted his allowable visa renewals and was waiting for his resident alien worker certification to be approved.

His visa expired in January 2002 and he was apprehended in April 2002 at a Border Patrol checkpoint in Imperial County. He was in Imperial County because he had visited a brother incarcerated at Calipatria State Prison.

Imran said her husband applied for political asylum as it was his only option for avoiding deportation.

"He'll definitely be killed the moment he walks back into Pakistan," said Imran.

Imran said her husband had retained the phony attorney for 10 months and paid him $3,200. She said she is worried her husband will be deported as the stay of deportation issued because of Goldstein's fake lawyering has been thrown out.

"All we're asking for is more time for us to find an attorney. Other attorneys don't want to take any of Goldstein's cases because they say it's a big mess. I've called 20 attorneys since this happened and no one wants to take the case," said Imran.

The woman said about 20 detainees being held in El Centro were "clients" of Goldstein and he represented upward of 70 detainees in total. The woman recounted that Goldstein solicited clients in the center's waiting room and even offer... [text cut off]

gram.

"He said he would give us a lot better rate if we got him clients. Everyone was referring clients to him to get the lower rate," said Imran.

Both women are angered at the INS for allowing the type of legal solicitation performed by Goldstein in the center's waiting room. Goldstein reportedly also solicited clients by mailing flyers to detainees.

The woman wanted to know if the INS had any system in place to prevent the type of fraud Goldstein committed.

Mack said attorneys wanting to speak with detainees or clients held in any INS detention center must present a G-28 form on which the lawyer specifies which bar association he is a member of and also provides his bar number. If an INS official for some reason becomes suspicious of the information supplied on the G-28 form, the bar number is checked and additional identification is requested. If the matter is still not cleared up, then an investigation is launched.

Mack said there are aspects that are out of the INS's control when an attorney is conducting business at its centers. She pointed out the INS cannot keep an attorney from communicating with people in the waiting room.

Mack was unable to say if INS personnel ever became suspicious of Goldstein and investigated the information he provided on his G-28 form.

Goldstein's trickery was reportedly discovered after a real attorney employed at his "law office" became suspicious of him after Goldstein filed a motion seeking to change his own probation terms. The attorney then reported Goldstein to authorities.

Goldstein was arraigned Wednesday in a Las Vegas federal court, where he waived his identity hearing. He is awaiting return to California to await trial, said an FBI spokeswoman.

» Staff Writer Michael A. Salorio can be reached at 337-3441 or michaelsalorio@yahoo.com



**FRIDAY**
**RUARY 14 2003**

essonline.com

# Appendix II

Docket as of January 24, 2005 7:12 pm                    Web PACER (v2.4)

# U.S. District Court

# Southern District of California (San Diego)

## CIVIL DOCKET FOR CASE #: 02-CV-2020

### Casas-Castrillon v. Thompson

Filed: 10/11/02
Assigned to: Judge Irma E Gonzalez
Referred to: Magistrate Judge Louisa S. Porter
Demand: $0,000
Nature of Suit: 540
Lead Docket: None
Jurisdiction: US Defendant
Dkt# in other court: None
Cause: 28:2241 Petition for Writ of Habeas Corpus

---

LUIS FELIPE CASAS-CASTRILLON
    petitioner

Luis Felipe Casas-Castrillon
A92-925-346
[COR LD NTC] [PRO SE]
1115 North Imperial Ave
El Centro, CA 92243

    v.

THOMPSON, Mr. Thompson,
Officer in Charge, INS
Detention Facility, El Centro
CA
    respondent

U S Attorney CV
(619)557-7122
[COR LD NTC]
U S Attorney CV
(See above)
[COR LD NTC]
U S Attorneys Office Southern
District of California
Civil Division
880 Front Street
Suite 6253
San Diego, CA 92101
(619)557-5662

---

# DOCKET   PROCEEDINGS

---

| DATE | # | DOCKET ENTRY |
|------|---|--------------|

10/11/02  **1**    Petition Writ of Habeas Corpus by petitioner Luis Felipe Casas-Castrillon (referred to Magistrate Judge Louisa S. Porter); Receipt No/Amt of Fee: 87518/$5 (rxc) [Entry date 10/11/02]

10/11/02  **2**    Emergency Ex Parte Application by petitioner Luis Felipe Casas-Castrillon for order temporarily staying removal and to grant hearing to make stay permanent pending review of habeas petition. (jah) [Entry date 10/16/02]

10/11/02  **3**    Memorandum of Points and Authorities by petitioner Luis Felipe Casas-Castrillon in support of emergency ex parte application [2-1] (jah) [Entry date 10/16/02]

10/15/02  **4**    Order by Judge Napoleon A. Jones Jr. for Judge Irma E. Gonzalez granting Petitioner's emergency ex parte application for order temporarily staying removal and to grant hearing to make stay permanent pending review of habeas petition [2-1]; Final Order of Removal from USA for Petitioner stayed pending, Hearing for Request for TRO set for 10:00 on 10/22/02 before Judge Irma E. Gonzalez (Request for TRO not on File as 10/15/02) (jah) [Entry date 10/16/02]

10/18/02  **5**    Order by Judge Irma E. Gonzalez; Hearing date of 10/22/02 for petitioner's ex parte application for order temporarily staying petitioner's removal is vacated; Stay of the Order of Removal shall remain in place until resolution of habeas petition; Respondent shall file response to petition by 11/15/02; Petitioner shall file a Traverse by 12/6/02; Matter shall be taken under submission and decided w/o oral argument. (jah) [Entry date 10/21/02]

11/5/02   **6**    Response in Opposition by respondent Thompson to request for release on bond pending habeas proceedings. (jah) [Entry date 11/18/02]

12/6/02   **7**    Traverse by petitioner Luis Felipe Casas-Castrillon to petition [1-1] t/w attached P/A's and Exhibits (jah) [Entry date 12/06/02]

12/19/02  **8**    Order Amending Briefing Schedule by Judge Irma E. Gonzalez; Respondent shall have until 1/13/03 to file a response to the merits of the petition; Petitioner may file supplementary Traverse by 2/3/03 (jah) [Entry date 12/19/02]

1/3/03    **9**    Order by Judge Irma E. Gonzalez denying petitioner's request for release on bond pending resolution of of his habeas petition on the merits (cag) [Entry date 01/03/03]

1/13/03   **10**   Return to petition for Habeas Corpus by respondent (cag) [Entry date 01/14/03]

63

3/3/03   11   Request by petitioner Luis Felipe Casas-Castrillon  for:
              continuance on due date for traverse (jrl)
              [Entry date 03/04/03]

3/3/03   12   Order by Judge Irma E. Gonzalez granting request for
              continuance for due date for trverse [11-1]; (ok per court
              to make dft pro se)  Traverse ddl continued to 3/21/03 (jrl)
              [Entry date 03/04/03] [Edit date 03/06/03]

3/18/03  13   DISCREPANCY ORDER by Judge Irma E. Gonzalez  accepting
              document: traverse from petitioner Luis Felipe
              Casas-Castrillon, document is to be filed nunc pro tunc to
              the date received (jrl) [Entry date 03/18/03]

3/18/03  14   Traverse by petitioner Luis Felipe Casas-Castrillon to
              petition [1-1] (jrl) [Entry date 03/18/03]

3/21/03  15   Ex parte Application by respondent Thompson re suggested
              order (jrl) [Entry date 03/21/03]

3/21/03  16   Order by Judge Irma E. Gonzalez granting respondent's
              application [15-1]; granting petitioner the option of
              returning to administrative proceedings; the Clerk of Court
              is instructed to remove David Goldstein as cnsl of record;
              record shall reflect that petitioner is now appearing in
              these proceedings in pro persona; petitioner shall have 30
              calendar days from the date of this order to inform the
              court whether he wishes to pursue an administrative remedy;
              if petitioner does not respond w/in 30 calendar days court
              will take mater under submission and decide the petition
              based on the briefs that have been filed (jrl)
              [Entry date 03/21/03] [Edit date 03/24/03]

6/17/03  17   DISCREPANCY ORDER by Judge Irma E. Gonzalez  accepting
              document: supplemental brief from petitioner Luis Felipe
              Casas-Castrillon , non-compliance with local rule 15.1,
              document is to be filed nunc pro tunc to the date received
              (jrl) [Entry date 06/19/03]

6/17/03  18   Supplemental Brief Filed by petitioner Luis Felipe
              Casas-Castrillon; nunc pro tunc to 6/16/03 (jrl)
              [Entry date 06/19/03]

7/1/03   19   Order by Judge Irma E. Gonzalez setting schedule for
              supplemental briefing; govt to file a supplemental brief by
              7/14/03 (jrl) [Entry date 07/01/03]

7/15/03  20   DISCREPANCY ORDER by Judge Irma E. Gonzalez  accepting
              document: supplemental return to petiton for writ of habeas
              corpus from respondent Thompson , non-compliance with local
              rule 15.1, document is to be filed nunc pro tunc to the
              date received (jrl) [Entry date 07/16/03]

7/15/03  21   Supplemental Answer to petition for Habeas Corpus by
              respondent Thompson; nunc pro tunc 7/14/03 (jrl)
              [Entry date 07/16/03]

8/12/03  22   Order  by Judge Irma E. Gonzalez; the court holds  that it

64

lacks jurisdiction over the present petition; the court however construes the petition as an appeal and trasfers the case to the Ninth Circuit Court of Appeals pursuant to 28USC1631: Case transferred to the US District Court of Appeals (andy) [Entry date 08/13/03]

8/29/03    23    DISCREPANCY ORDER by Judge Irma E. Gonzalez accepting document: motion from petitioner Luis Felipe Casas-Castrillon, non-compliance with local rule 5.1.j.4 and 7.1.f or 47.1.b.3, document is to be filed nunc pro tunc to the date received (jah) [Entry date 09/02/03]

8/29/03    24    Notice of Motion and Motion by petitioner Luis Felipe Casas-Castrillon to reconsider pursuant to FRCP, [motion(s) referred to Judge Irma E. Gonzalez]; NUNC PRO TUNC 8/28/03 (jah) [Entry date 09/02/03]

9/24/03    25    DISCREPANCY ORDER by Judge Irma E. Gonzalez accepting document: motion to reconsider from petitioner Luis Felipe Casas-Castrillon, non-compliance with local rule 7.1.e or 47.1.b.1, document is to be filed nunc pro tunc to the date received (jah) [Entry date 09/24/03]

9/24/03    26    Notice of Motion and Motion by petitioner Luis Felipe Casas-Castrillon to reconsider pursuant to FRCP 7.1(i), [motion(s) referred to Judge Irma E. Gonzalez]; NUNC PRO TUNC 9/19/03 (jah) [Entry date 09/24/03]

9/24/03    27    Memorandum of Points and Authorities by petitioner Luis Felipe Casas-Castrillon in support of motion to reconsider pursuant to FRCP 7.1(i) [26-1]; NUNC PRO TUNC 9/19/03 (jah) [Entry date 09/24/03]

9/24/03    28    Declaration by petitioner Luis Felipe Casas-Castrillon re motion to reconsider pursuant to FRCP 7.1(i) [26-1]; NUNC PRO TUNC 9/19/03 (jah) [Entry date 09/24/03]

10/3/03    29    Order by Judge Irma E. Gonzalez denying motion to reconsider pursuant to FRCP 7.1(i) [26-1], denying motion reconsider pursuant to FRCP [24-1] (jah) [Entry date 10/06/03]

1/24/05    30    DISCREPANCY ORDER by Judge Irma E. Gonzalez rejecting document: petition for writ of habeas corpus from petitioner Luis Felipe Casas-Castrillon, non-compliance with local rule; Writ already on file in this case; Case is termed; Petition returned to Petitioner t/w copy of this Discrepancy Order, mailed on 1/24/05 (jah) [Entry date 01/24/05]

---

Case Flags:
TERMED
TRANSF

END OF DOCKET: 3:02cv2020

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/05/2005 10:02:42 | | |
| **PACER Login:** | us4664 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 3:02cv02020 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

FILED

03 AUG 12 PM 3:37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LUIS FELIPE CASAS-CASTRILLON,              Civil No.    02-CV-2020-IEG (POR)

12                                Petitioner,
                                                **ORDER (1) HOLDING THAT THE**
13                                              **COURT LACKS JURISDICTION OVER**
                     vs.                        **THE PETITION; (2) CONSTRUING**
14                                              **THE PETITION AS AN APPEAL OF A**
                                                **FINAL ORDER OF REMOVAL; AND**
15   MR. C. THOMPSON, Officer in Charge, INS    **(3) TRANSFERRING THE APPEAL TO**
     Detention Facility, El Centro, California  **THE NINTH CIRCUIT COURT OF**
16                                              **APPEALS**

17                                Respondent.   **[Doc. No. 1.]**

18

19        On January 3, 2003, Luis Felipe Casas-Castrillon ("Petitioner") filed a petition for a writ of

20   habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks review of a final order of removal issued

21   by an Immigration Judge on August 12, 2002, and affirmed by the Board of Immigration Appeals on

22   December 3, 2002. As more fully discussed below, the Court holds sua sponte that it lacks jurisdiction

23   over the petition. However, the Court also finds that the petition should be equitably construed as an

24   appeal of a final BIA determination and should be transferred to the Ninth Circuit Court of Appeals for

25   want of jurisdiction pursuant to 28 U.S.C. § 1631.

26                                       **BACKGROUND**

27        Petitioner is a native and citizen of Colombia who attained lawful status in the United States

28   when he applied for temporary residence on May 4, 1988. (Mem. P&A in Supp. of Pet. at 2.)





ENTERED ON 8 13 03

following requirements apply:

(1) Deadline

The petition for review must be filed not later than 30 days after the date of the final order of removal.

(2) Venue and forms

The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.

8 U.S.C. § 1252(b). However, §1252(a)(2)(C) adds a procedural complication. That subsection provides that, "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in § 1182(a)(2)(A)(i)(II) [a crime involving moral turpitude], [or other enumerated offenses]."

The Supreme Court has determined that § 1252(b)(9) does not revoke the habeas jurisdiction of the district court. In I.N.S. v. St. Cyr, the Supreme Court held that the purpose of that subsection is "to consolidate 'judicial review' of immigration proceedings into one action in the court of appeals, but it applies only '[w]ith respect to review of an order of removal under subsection (a)(1).'" 533 U.S. 289, 313 (2001) (quoting 8 U.S.C. § 1252(b)). "Accordingly, this provision, by its own terms, does not bar habeas jurisdiction over removal orders *not* subject to judicial review under § 1252(a)(1)-- including orders against aliens who are removable by reason of having committed one or more criminal offenses." Id. Finally, the Supreme Court noted that "judicial review" is distinct from habeas review and, therefore, that "§ 1252(b)(9) does not clearly apply to actions brought pursuant to the general habeas statute, and thus cannot repeal that statute either in part or in whole." Id. at 314. The Supreme Court also noted that preserving habeas jurisdiction was important because the question of law raised under § 1252 could not be answered in another judicial forum. Id.

The Ninth Circuit has also addressed the extent to which § 1252 affects both the circuit courts' jurisdiction on direct review and the district courts' jurisdiction to consider a habeas corpus petition. Relying in part on the St. Cyr opinion, the Ninth Circuit has held that, as a general matter, "jurisdiction over constitutional issues and statutory issues [involving final orders of removal] is withdrawn from the courts of appeals and that the place to resolve such issues is in the district courts through habeas

1  Petitioner's application for lawful temporary residence was granted on April 17, 1989, and he became

2  a permanent resident on September 18, 1990. (Id.) On August 8, 2001, petitioner was given notice

3  of removability from the United States as a result of two prior criminal convictions. Petitioner had

4  previously been convicted of second degree vehicle burglary, a violation of California Penal Code §459,

5  on January 26, 1993, and was sentenced to 180 days in prison. Petitioner sustained a second conviction

6  for violation of California Penal Code §459 on May 4, 2000. At that time, he received a three-year

7  sentence for this conviction. (Id.) On January 16, 2002, the Immigration Judge determined that

8  petitioner's convictions were crimes involving moral turpitude that rendered him ineligible for statutory

9  relief pursuant to 8 U.S.C. §1182(c) (INA §212(c)). (Id.) Because crimes of moral turpitude stop the

10  accrual of years of continuous residence in the United States under 8 U.S.C. §1227(a)(2)(A)(ii) (INA

11  §237), the Immigration Judge found that petitioner had not acquired the five years of lawful residence

12  necessary to be eligible for cancellation of removal. (Id.) Petitioner and the government now disagree

13  over whether his 1993 conviction is a crime of moral turpitude. (Compare Pet's Supplemental Traverse

14  at 10-11 with Resp's Supplemental Return at 4.)

**DISCUSSION**

16  **I.      Jurisdiction**

17          Before a court has the power to speak on the merits of a particular case, it must have

18  jurisdiction to do so. See Marbury v. Madison, 5 U.S. (1 Cranch) 137, 165 (1803). Neither the

19  government nor the petitioner contest this Court's jurisdiction. Nonetheless, the Court must determine

20  whether it has jurisdiction and will do so sua sponte.

21          Review of final orders of removal is governed by 8 U.S.C. § 1252(b)(9), which states: "Judicial

22  review of all questions of law and fact...arising from any action taken or proceeding brought to remove

23  an alien from the United States under this subchapter shall be available only in judicial review of a final

24  order under this section." Section 1252 also establishes that "[j]udicial review of a final order of

25  removal . . . is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this

26  section . . . ." 8 U.S.C. § 1252(a)(1). Section 1252(b), in turn, describes the required procedure for

27  review of a final order of removal:

28          With respect to review of an order of removal under subsection (a)(1) of this section, the

1   corpus." <u>Cedano-Viera v. Ashcroft</u>, 324 F.3d 1062, 1069 (9th Cir. 2003). However, the <u>Cedano-Viera</u>

2   court recognized that the Ninth Circuit has jurisdiction to determine whether an alien charged as

3   removable by the INS because of an offense listed in §1252(a)(2)(C) was actually convicted of a

4   qualifying offense. <u>Id.</u> at 1065 ("However, a 'narrow exception' exists that allows us to determine

5   whether Cedano-Viera is actually removable; in other words, we may decide whether we have

6   jurisdiction."). Petitioner has been found removable under 8 U.S.C. §1182(a) for two crimes of moral

7   turpitude, and he presently challenges this determination. As stated previously, the Ninth Circuit has

8   held that it has jurisdiction to determine the threshold question of whether an alien's crimes fall under

9   the crimes listed in §1252. Because another judicial forum exists to resolve petitioner's appeal, this

10  habeas Court does not have proper jurisdiction under <u>St. Cyr</u> until petitioner has brought his challenge

11  to the Ninth Circuit and thereby exhausted all avenues of direct review.

12      However, the procedural history of this case[1] provides this Court with good cause to construe

13  the petition as an appeal and to transfer the case pursuant to 28 U.S.C. § 1631. That provision

14  provides that "[w]henever a civil action is filed in a court...and that court finds that there is a want of

15  jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other

16  such court in which the action or appeal could have been brought at the time it was filed or noticed.

17  . . ." In the interest of justice, the Court orders the case to be transferred to the Ninth Circuit for the

18  threshold determination of whether that court has jurisdiction.

19  ////

20  ////

21

22

23

24

25

26

---

27      [1]Petitioner was initially represented by David Goldstein, a layperson posing as an attorney, and petitioner
contends Mr. Goldstein provided ineffective assistance of counsel for "not filing a review in the Ninth Circuit Court of
28  Appeals, challenging the convictions as moral turpitude [sic]." (Pet's Supp'l Traverse at 5:13-16.)

**CONCLUSION**

Accordingly, the Court **HOLDS** that it lacks jurisdiction over the present petition. However, the Court construes the petition as an appeal and **TRANSFERS** the case to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

DATED: 8/11/03

IRMA E. GONZALEZ, Judge
United States District Court

cc:    all parties

# Appendix III

Grievance No. M 05-09    RECEIVED AUG 1 0 2005    Form 14-5A - For Official Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM

Name (Print): C-asas                    Luis                    FELIPE
            **Last Name**              **First**              **Middle Initial**

Number: 12425 346        Housing Assignment: DN/206

INFORMAL RESOLUTION ATTEMPTED?   Yes _____        No _____

NAME OF STAFF CONTACTED _____

### STATE GRIEVANCE (Include documentation with its dates and identify any other information pertaining to the grievance subject. Attach additional pages if necessary)

I have on Numerous Accossions Attempted to obtain "Proper"
Medical Attention on my Right Knee that was injured in
February, 2005 without success
Now I put medical Request august 4, 2005 until now they
have calling to see the Doctor I Have a lot pain in my
Knee and I get EMERGENCY In this moment I Don't Have Medicine

### Requested Action

I'm Requesting At the very Least Medication Prior to NAPROXEN 500mg,
has no EFFECT on Pain, I am also Resubmitting my Shots Request

Inmate/Resident's Signature: _____    Date Submitted: 8.9.05

### GRIEVANCE OFFICER'S REPORT

I HAVE EXAMINED MR. CASAS KNEE, AND HIS
MEDICAL CHART. I'VE EXPLAINED THAT TIME, NOT
PILLS, WILL ULTIMATELY HEAL HIS KNEE. I AM
PRESCRIBING ANOTHER PAIN MEDICINE FOR THE
TIME BEING.

### GRIEVANCE OFFICER'S DECISION

GRIEVANCE CLOSED

Grievance Officer's Signature: _____    Date: 8/22/05

Inmate/Resident's Signature (upon request): _____    Date: 8/22/05

APPEAL:   Yes _____   No _____    STATE REASON (S) FOR APPEAL: _____

_____

_____

### WARDEN/ADMINISTRATOR'S RESPONSE

_____

_____

Warden/Administrator's Signature: _____    Date: _____

Inmate/Resident's Signature (upon request): _____    Date: _____

Revised 02/01/02

# Appendix IV

Form 15-2A

# CCA INMATE/DETAINEE DISCIPLINARY REPORT

Inmate / Detainee's Name: CASAS Castrillon Luis Felipe

CCA #: 929253406                    Other: _____

Offense # and Title: 207 Conduct which Disrupts Per Robert Ricallamos ICE

Date of Offense: 6/12/2007          Time of Offense: 1520

Location of Offense: El Centro Processing Center      # _____

Inmate / Detainee: Detained For: ICE

Description of Offense: On 6/06/07 at 1520 hrs while housed at ICE Detention Center in
El Centro (ACEC) Detainee CASAS was involved in a Fight involving
Hispanic and Asian Detainee. The Fight took place in Mod Barracks
The investigation and Hearing conducted by ECC investigators found
CASAS guilty of the Above stated charges.

**(Use Continuation Sheet if Necessary)**

Staff Involved: _____

Inmates / Detainees Involved: _____

Reporting Employee's Name and Title: A gonzal Class Supervisor

Date & Time Prepared: 6/12/07    1050 Hrs

Employee's Signature: _____    Supervisor's Signature: _____

# ADVISEMENT OF RIGHTS:

By signing below, the accused indicates the rights they desire and is not an admission of guilt.

1. Does the accused wish to have a Staff Advisor? Yes ✓  No _____  If yes, Staff Advisor's name and
   title: Mr. Pasillas Supervisor ICE

2. Does the accused wish to call voluntary witnesses to testify on their behalf? Yes _____ No ✓ If yes, name and
   case or arrest # of witnesses: _____

3. Does the accused waive the right to a hearing? Yes _____ No ✓ If so, does the accused plead guilty to the
   charge? Yes _____ No _____

4. Date set for hearing: To Be determined by the DHO

5. Does the accused wish to waive the right to 24 hours notice of charges? Yes _____ No ✓
   Inmate's / Detainee's Signature: _____

Accused Inmate / Detainee received a copy of report:

Inmate / Detainee Signature _____          Date & Time 6/13/07  13:50

Staff Serving Notice of Charges  Nava          Date & Time 6/13/2007

Revised 7/11/01                               602605-3033

Form 15-2C

## DISCIPLINARY REPORT INVESTIGATION FORM

Inmate / Detainee Name and #: _Casas Castillan Luis Felipe # 092925346_

Date / Time of Incident: _6/12/2007    1520 hrs._

Date / Time Reported: _6/12/2007    1630 hrs._

Investigator: _SGT Mancilla_

Date & Time Investigation Begun: _____

Date & Time Investigation Ended: _____

RESULTS: _On 6/13/2007 at 0110 hrs. / SGT Mancilla was_
_assigned to investigate the charges brought against detainee_
_Casas Castillan # 092925346. Detainee Casas_
_explained his action was not a danger._
_He stated that he had no involvement_
_in the incident & he was not present at_
_those barracks. He stated he was housed at._
_Nbr. S T. Casas viewed a copy of_
_his report. No harm resulted. In light_
_of the settled incident the charges gestion_

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_Mancilla_                              _6/13/07_

**Investigator**                        **Date:**

# Appendix V

U.S. Department of Homeland Security    SERVICE PROCESSING CENTER
Bureau of Immigration and Customs Enforcement    EL CENTRO, CA          **Detainee Rights**

## Detainee Rights At the Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP .

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____ A-Number: _92- 925- 346_ Date: _9-24-07_

Notice of Rights given to the detainee by: _S I E A Gonzalez V._

Staff Member and Date

### Refusal to Sign

I have personally advised _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing. The detainee refused to sign the acknowledgement.

Staff member and date: _____

### Waiver of 24 hours Notice:

I have been advised that I have at least a 24-hour notice prior to appearing before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date, and Time:

_____

Form No. I-892 (02/08/00)

U.S. Department of Homeland Security
Bureau of Immigration and Customs Enforcement

SERVICE PROCESSING CENTER
EL CENTRO, CA

**Incident of Prohibited Acts and Notice of Charges**

Detainee Name: _Casas, Luis_

A-Number: _92-925-346_

Nationality: _Colombia_

Date & Time of Incident: _09-24-07 @ 0918 hours_

Incident Location: _Library_

Work Assignment: _N / A_

Classification Level: _Level II_

Quarters: _Alpha North_

**PROHIBITED ACTS:**

1. _Insolence toward a staff member_   Code: _308_
2. _Lying or providing false statement to staff_   Code: _309_
3. _____   Code: _____
4. _____   Code: _____

**Description of Incident:** _Detainee mentioned above was insolence towards a staff member and when questioned about he provided a false statement._

Staff Witness?   Y   N

Use of Force?   Y   N

Evidence Attached?   Y   N   NA

Supporting Memoranda?   Y   N   NA

_Capt. J. Lacuesta, S-168_
Name of Reporting Officer

_09-24-07 @ 1020 hours_
Date & Time

Signature

Reviewed for accuracy prior to investigation by: _____
Supervisor' Name

_9-24-07-1620_
Date & Time

Incident Recorded on D.C.S.?   Y   N

Classification Level Change?   Y   N

Level change from _____ To _____

U.S. Department of Homeland Security   SERVICE PROCESSING CENTER    **Unit Disciplinary Committee**
Bureau of Immigration and Customs Enforcement    EL CENTRO, CA    **Report of Findings & Actions**

_CASAS Luis_                    _92-925-346_              _9-24-07_
Name of Detainee                    A-Number                  Date of Incident

Place of Incident: _Library_          Prohibited Act(s) Code: _308-309_

Committee Action: Comments to Committee from Detainee Regarding the above Incident: _CASAS
Stated he Never Refused To Sign the Sign In Sheet
And that was Disrespected by AKAL OFFICER Romero._

It is the Finding of the Unit Disciplinary Committee That:
1. You Committed the Prohibited Act as Charged:  Code(s) _308-309_
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____
Committee Findings Are Based on the Following Information: _AKAL OFFICER Romero
owe Two (2) Memos._

Committee Action:
[ ]    Waives IDP Hearing and Accepts the UDC's Sanction: _____

[√]    Refer to IDP                                        Name of Detainee
[ ]    Loss of Privileges    [ ]    Loss of Job        [ ]    Quarter Changes
[ ]    Restrict to Dorm     [ ]    Remove from Program   [ ]    Reprimand
[ ]    Warning              [ ]    Confiscate Contraband  [ ]    Impound Personal Property
                    Date & Time: _9-24-07 / 1620_

Comments: _NONE_

UDC Chairpersons Signature: _____

UDC Member's Signature: _____

UDC Time and Date: _9-24-07 / 1620_

United States Department of Homeland Security
Bureau of Immigration and Customs Enforcement

**DETAINEE GRIEVANCE FORM**

*(A grievance must be filed within 5 days of original incident or issue)*

Grievance # _____

Detainee Name: _LUIS CASAS_   A# _92925346_   Housing Unit: _A/N-50_

Complaint / Comments: _AKAL Officer MRS. ROMERO, I heard and felt DISCRIMINATED and RACIST remarks from her. "see" Declarations_

Action requested by detainee: _MOVE AKAL officer MRS. Romero from the library_

Detainee Signature: _____   Date / time: _9/27/0+  11:00 am_

Housing Unit Officer: _____   Date / time: _____

---

INFORMAL [X] Resolution is accepted by detainee: (to be completed within 24 hours and only if resolved prior to hearing)

This grievance has been informally resolved as follows:
_SIEA GONZALEZ AND SDDO, MATA, SPOKE WITH MR. CASAS. AT THIS POINT, THIS ISSUE IS INFORMALLY RESOLVED. MR. MATA, WILL BE TALKING TO MR. HALEY AND AKAL SECURITY._

Detainee Signature: X _____   Date / time: _9/27/07  3:00 pm_
Staff Member: _____   Date / time: _9-27-07  15:00_
Supervisory Review: _____   Date / time: _9-27-07  15:00_

---

**FORMAL [ ] Informal Resolution is not accepted by detainee and the grievance has been assigned to the following Department for formal resolution: [ ] Deportation   [ ] Detention   [ ] Administration**
**(Response to detainee within five (5) business days is required)**

Departmental Findings/Actions Taken: _____

_____

_____

Dep. Head: _____

Dep. Staff: _____   Dep. Staff: _____

Date of Findings: _____   Date Returned to Detainee: _____

---

*(Detainee return within five days of receipt and check the appropriate box)*

I would like this matter:

[ ]   Referred to the Detainee Grievance Committee (DGC).
[ ]   I agree with the resolution.

Detainee Signature: _____   Date / time: _____
Housing Unit Officer: _____   Date / time: _____

# DECLARATION OF
# LUIS FELIPE CASAS-CASTRILLON

I, Luis Felipe Casas-Castrillon, hereby declare and state under penalty of perjury that the following statements are true and correct to the best of my personal knowledge and if called to testify there to, could do so competently:

1. August 2007. When I went to law library AKAL officers Mrs. Romero. many times made harassments, and discriminated me, thus resulting to more traumas at El Centro, California Detention Center.

2. September 24, 2007. Incident with Akal officer Romero in law library. See. Notice Charges.

3. This is my second grievance form to against Mrs. AKAL officer Romero.

I declare under penalty of perjury pursuant to the laws of the State of California and United States of America that the forgoing true and correct.

September 27, 2007

Respectfully Yours,

Luis Felipe Casas-Castrillon
A# 92-925-346, A/N-50
El Centro Detention Center
1115 N. Imperial Ave.
El Centro, California 92243

A# 92-925-346