# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FELIPE CASAS CASTRILLON,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>EL CENTRO DETENTION CENTER, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 07cv2078 JM(CAB)<br><br>ORDER CONSOLIDATING ACTIONS; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL |

**Consolidation**

Plaintiff commenced the present <u>Bivens</u> action on October 24, 2007. On November 29, 2007 Plaintiff commenced an identical action alleging the same claims, parties, and allegations as in the above identified action. The most recently filed case was assigned Civil Case No. 07cv2258 IEG(LSP). Pursuant to the low-number rule, on January 10, 2008, the high-numbered action was transferred to the undersigned.

The parties, and the Clerk of Court, are instructed to file all pertinent filings in the above identified case. The Clerk of Court is also instructed to place a copy of this order in the transferred case, Civil Case No. 07cv2258 JM(LSP).

**Leave to Proceed In Forma Pauperis**

Plaintiff, currently in custody of the Department of Homeland Security, moves for leave to prosecute this action without the prepayment of fees. Plaintiff declares that he possess no source of

income or significant asset. Consequently, the court grants Plaintiff leave to proceed in forma pauperis.

**Motion for Appointment of Counsel**

The Constitution provides no right to appointment of counsel in a civil case. See Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his complaint. The complaint adequately sets forth the factual basis for his claims. Further, the Motion is articulate, coherent, and demonstrates a fundamental understanding of the issues. Under these circumstances, the Court denies Plaintiff's request for appointment of counsel because it is not warranted by the interests of justice. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: January 14, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties