07CV2258-JM-CAB

Returned Mail
No forwarding address
Excess pages discarded
Date 1/28/08



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
880 FRONT STREET, SUITE 4290
SAN DIEGO, CALIFORNIA 92101-8900
OFFICIAL BUSINESS
RETURN SERVICE REQUESTED

RECEIVED
JAN 2
CLERK, U.S. DISTRICT COURT
HERN DISTRICT OF CALIFORNIA

NLC-8/07/07

JM

Luis Felipe Casas Castrillon
A#92-925-346
SDDC
San Diego Detention Center

PRESORTED
FIRST CLASS

neopost
049J82045251
$00.334
01/16/2008
US POSTAGE

NIXIE    921    CC 1    72    01/25/08
        RETURN TO SENDER
        NOT DELIVERABLE AS ADDRESSED
        UNABLE TO FORWARD
BC: 92101890080    *1577-01580-26-26

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

January 15, 2008

Attention counsel and pro se litigants:

RE: Luis Felipe Casas Castrillon vs. El Centro Detention Center, et al.  07cv2258-JM(CAB)

You are hereby notified that as of 1/14/08 was consolidated with lead case 07cv2078-JM(CAB). The new case number for the above case is 07cv2078-JM(CAB). All further docketing will be done in the lead case 07cv2078-JM(CAB). Please include the lead case number on all further filings.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: S/ T. Lee
                                , Deputy Clerk

cc: Clerk
    Appropriate Courtroom Clerk
    Chambers

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FELIPE CASAS CASTRILLON,<br><br>　　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>EL CENTRO DETENTION CENTER, et al.,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 07cv2078 JM(CAB)<br><br>ORDER CONSOLIDATING ACTIONS; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL |

**Consolidation**

　　　　Plaintiff commenced the present <u>Bivens</u> action on October 24, 2007. On November 29, 2007 Plaintiff commenced an identical action alleging the same claims, parties, and allegations as in the above identified action. The most recently filed case was assigned Civil Case No. 07cv2258 IEG(LSP). Pursuant to the low-number rule, on January 10, 2008, the high-numbered action was transferred to the undersigned.

　　　　The parties, and the Clerk of Court, are instructed to file all pertinent filings in the above identified case. The Clerk of Court is also instructed to place a copy of this order in the transferred case, Civil Case No. 07cv2258 JM(LSP).

**Leave to Proceed In Forma Pauperis**

　　　　Plaintiff, currently in custody of the Department of Homeland Security, moves for leave to prosecute this action without the prepayment of fees. Plaintiff declares that he possess no source of

1  income or significant asset.  Consequently, the court grants Plaintiff leave to proceed <u>in forma
2  pauperis</u>.

3  **Motion for Appointment of Counsel**

4  The Constitution provides no right to appointment of counsel in a civil case.  See <u>Lassiter v.
5  Dept. of Social Services</u>, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district
6  courts are granted discretion to appoint counsel for indigent persons under "exceptional
7  circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional
8  circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability
9  of the plaintiff to articulate [his or her] claims <u>pro se</u> in light of the complexity of the legal issues
10 involved.' Neither of these issues is dispositive and both must be viewed together before reaching a
11 decision.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

12 Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and
13 is able to adequately articulate the basis of his complaint.  The complaint adequately sets forth the
14 factual basis for his claims.  Further, the Motion is articulate, coherent, and demonstrates a
15 fundamental understanding of the issues.  Under these circumstances, the Court denies Plaintiff's
16 request for appointment of counsel because it is not warranted by the interests of justice. <u>LaMere v.
17 Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).

18 **IT IS SO ORDERED.**

19 DATED: January 14, 2008

   Hon. Jeffrey T. Miller
   United States District Judge

23 cc:        All parties